(Pleito No. 125.—Fallado el 20 de Mayo de 1901.)

## BRUNET contra GOICO.

RECURSO contra sentencia dictada por la Corte de Distrito de San Juan.

REPRESENTACIÓN EN UN JUICIO.   En una demanda en juicio entablada contra el demandado personalmente y como apoderado de otra persona, si falleciere el demandado durante la substanciación del pleito, podrá el Tribunal, á petición del demandante, llamar al juicio al poderdante del demandado, como parte en dicho pleito.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte de Mayo de mil novecientos uno, en el pleito seguido en el Tribunal del Distrito de San Juan por la sucesión de Don Francisco Brunet formada por Doña Luisa Guayta y los hijos del mismo, contra Don Jorge A. Goico, por sí y como apoderado de la sucesión de Doña Rafaela Menéndez, sobre cumplimiento de un contrato é indemnización de daños y perjuicios; pleito pendiente ante Nos en virtud de recurso de casación por infracción de ley interpuesto por la parte demandante, á la que ha representado y dirigido el Letrado Don Antonio Sarmiento y Porras, habiendo llevado la representación y defensa de la parte recurrida el Letrado Don Hilario Cuevillas Hernández.—Resultando : Que en dos de Diciembre de mil ochocientos noventa y nueve, el Letrado Don Antonio Sarmiento, en nombre de la sucesión de Don Francisco Brunet, presentó demanda ante el Tribunal de Distrito de San Juan contra Don Jorge A. Goico, como apoderado de la sucesión de Doña Rafaela Menéndez, y por su propio derecho, alegando que por escritura pública de diez de Mayo de mil ochocientos noventa y cuatro Doña Rafaela Menéndez arrendó á Doña Luisa Guayta, la hacienda "Media Luna," de su propiedad, por término de seis años, que habían de contarse desde el veinte y cuatro de Marzo anterior, y por precio de tres mil seiscientos pesos anuales, pagadero dos cientos cada mes, y mil doscientos al finalizar

cada año, en la moneda que corriera cuando hubiera que hacerse los pagos; que aunque el arrendamiento fué hecho por Doña Luisa Guayta, la sucesión de Don Francisco Brunet fué quien usufructuó la hacienda "Media Luna" y Don Abelardo de la Haba, con el doble carácter de apoderado de aquella señora y de la referida sucesión, se entendió con Don Jorge Goico, apoderado de la sucesión de Doña Rafaela Menéndez, para la novación y prórroga del contrato de arrendamiento, habiendo convenido ambos apoderados, cada uno dentro de la órbita de sus atribuciones, en que sobre la base del contrato existente y á nombre de la sucesión de Don Francisco Brunet se prorrogaría por cinco años más y se aumentaría el canon del arrendamiento hasta tres mil novecientos pesos, moneda provincial, á contar desde el mil ochocientos noventa y nueve, subiendo á mil quinientos pesos los mil doscientos pesos que habían de pagarse al fin de cada anualidad; que de ese modo se convino en realidad un nuevo contrato de arrendamiento de la hacienda "Media Luna" por término de seis años, cinco de la prórroga y uno que aun quedaba del arrendamiento en curso, por el que también debía pagarse el canon anual de tres mil novecientos pesos; que además se convino en que el nuevo arrendamiento se elevaría á escritura pública y subsistiría, aunque los propietarios enajenaran la finca arrendada; que ambos apoderados contratantes se proponían elevar el contrato á escritura pública, pero no se hizo así por que una reclamación judicial de la sucesión de Don Gil Gordils, relacionada con la hacienda "Media Luna," sirvió de motivo al Goico para demorar el cumplimiento de lo pactado, si bien ratificaba á cada paso la realidad del contrato y de cada una de sus obligaciones, las que puso en conocimiento de sus poderdantes; que apremiado Goico por la Haba para que elevara á escritura pública el contrato celebrado, se niega á ello con pretextos especiosos, y que si lo que no es posible, Don Jorge A. Goico se extraslimitó en el ejercicio del poder de la sucesión Menéndez, y ésta no ha ratificado sus actos,

ha causado con tal traslimitación á la sucesión Brunet daños y perjuicios de consideración, en cuantía muy superior, para los efectos del juicio, á mil quinientos pesos; é invocando como fundamentos de derecho, los artículos 1,091, 1,098, 1,101, 1,278, 1,280, 1,709, 1,725, 1,727 y 1,902 del Código Civil, los 62 y 459, números 4.º y 5.º de la Ley de Enjuiciamiento Civil, y el 63 de la Orden General número 118, serie de mil ochocientos noventa y nueve, suplicó se diera traslado de la demanda á Don Jorge A. Goico en el doble carácter con que era demandado, y en definitiva se le condenara á que como apoderado de la sucesión de Doña Rafaela Menéndez elevara en término de tercero día á escritura pública el contrato de arrendamiento de la hacienda "Media Luna" que pactó en nombre de dicha sucesión con Don Abelardo de la Haba, en Abril del año citado, ó en otro caso se condenara á Goico por sí á indemnizar á la sucesión Brunet de los daños y perjuicios causados y en las costas del juicio.—Resultando:   Que admitida la anterior demanda por providencia de cinco de Diciembre de mil ochocientos noventa y nueve, que dictó el Tribunal de San Juan, por otra providencia del siguiente día, el Juez Instructor confirió traslado de ella á Don Jorge A. Goico en el doble carácter con que se le demandaba; y previo su aplazamiento, el Letrado Don Hilario Cuevillas, en representación de Don Jorge A. Goico, sin manifestar expresamente en qué concepto, evacuó el trámite de contestación, en que alegó que Goico, por su propio derecho, no había verificado acto ni contrato alguno con la parte demandante y que tampoco como apoderado de la familia Medina-Menéndez, dueña de la hacienda "Media Luna," había verificado acto ni contrato alguno con las personas que se designan en la demanda, sino solamente con Don Abelardo de la Haba, que se afirmó tener representación legal de Doña Luisa Guayta, bastante para poderla obligar en tratos y contratos; que Goico, por indicaciones recibidas, dejó de ser apoderado de los dueños de la hacienda "Media Luna," traspasando el poder que de ellos tenía á Doña

Rafaela Medina Menéndez, residente en esta Isla y condueña de dicha finca, traspaso que verificó sin reserva ni limitación de género alguno, quedando impedido, por tanto, de hacer uso de dicho poder; que si bien es cierto que Goico convino como apoderado de los dueños de la hacienda "Media Luna" con Don Abelardo de la Haba, que se decía solamente apoderado de Doña Luisa Guayta, en prorrogar un contrato de arrendamiento celebrado con ella por Doña Rafaela Menéndez, no fueron las condiciones estipuladas para ello las que se indican en la demanda, sino la de que el contrato se prorrogaría por cuatro años, á contar desde la fecha de su vencimiento, pagando desde el mes de Abril de mil ochocientos noventa y nueve, trescientos veinte y cinco pesos mensuales, moneda provincial, con derecho los dueños de la finca de venderla á quién les pareciera conveniente y con obligación por parte del comprador de cumplir el contrato, sin que se conviniera nada respecto á su inscripción en el Registro de la Propiedad, y sí en otorgar escritura pública cuando en legal forma lo pidiera Doña Luisa Guayta; que la representación de ésta no se acordó de pedir tal escritura, y cuando la pidió, estaban ocurriendo actos con los que no se contaba, pues la sucesión Gordils puso embargo en las rentas y en la misma hacienda "Media Luna", y ya entonces no fué posible otorgar documentos, habiéndose visto los dueños de la "Media Luna" precisados á seguir diferentes pleitos contra la sucesión Gordils en tercería de dominio é incidentes de nulidad de embargos; que la parte actora no demanda á la familia dueña de "Media Luna" en que hay menores y no sabe, por tanto, si esa familia está dispuesta ó no á cumplir el contrato en la forma en que lo celebró su apoderado cuando era tal apoderado; que tampoco ha cumplido la parte actora los términos relativos á la forma del contrato, ni las condiciones respecto del fondo del mismo, ni ha presentado los documentos que justifiquen la personalidad de la Haba: é invocando como fundamentos legales los que estimó procedentes y oponiendo como excepciones las dilatorias de

falta de personalidad en el demandante y en el demandado, y la perentoria de *sine actione agis*, toda vez que el actor no tiene acción para pedir lo que pide, porque no es congruente con lo convenido, porque el contrato ha quedado rescindido por falta de cumplimiento y porque teniendo la hacienda "Media Luna" el carácter de cosa litigiosa, no puede hacerse contrato ni escritura alguna sin permiso del Tribunal, pedido por las partes litigantes, mientras no queden definitivamente resueltos los pleitos, concluyó suplicando se declararan en su oportunidad con lugar las excepciones dilatorias propuestas y en todo caso la perentoria de *sine actione agis* y en su consecuencia sin lugar la demanda, de la que se absuelva á su representado con las costas á la parte actora.—Resultando: Que señalado el día veinte ·y siete de Enero de mil novecientos para formular pruebas, se acordó la suspensión del juicio por providencia del día veinte y cinco, á virtud de pedimento de ambas partes, por tratar de transigir amistosamente las diferencias que motivaban el pleito; y habiéndose alzado esa suspensión por providencia de veinte y cuatro de Julio, con señalamiento del día siete de Agosto para proponer pruebas, el Letrado Don Hilario Cuevillas, como representante que había sido de Don Jorge Goico en los caracteres con que fué demandado, presentó escrito el día seis acompañando certificación justificativa de haber ocurrido el fallecimiento de Don Jorge Goico, desde el día trece de Junio, y solicitó que por no alcanzar su representación á la familia Medina-Menéndez, dueña de la hacienda "Media Luna", se ordenara la suspensión del acto dispuesto y se instruyera al demandante para que gestionara lo que correspondiera á su derecho, como así se acordó en el propio día.—Resultando: Que el Letrado Don Antonio Sarmiento evacuando la instrucción conferida interesó se citara á Doña Juana de Juan, viuda de Don Jorge Goico, como madre y legítima representante de la sucesión de éste, formada por menores para que en el término de quinto día se personara en autos, bajo apercibimiento de lo que hubiere lugar, y si el Tribunal entendía

que la representación del Letrado Cuevillas, respecto de la sucesión Menéndez, había terminado con la muerte de Goico, que se citara también con igual objeto y término á los que forman esa última sucesión, personalmente á Doña Rafaela Medina Menéndez, residente en esta Capital y por la *Gaceta* á los demás miembros de la sucesión Menéndez, ó sean Doña Isabel Medina de Alvarado, Don Gervasio Medina y Menéndez, Doña María Medina de Vasconi, Doña María Medina y Menéndez y Doña Dolores Medina de Bartrina, cuyos domicilios no constan, á cuya pretensión recayó providencia en diez de Agosto, ordenando se requiriera al Letrado Don Hilario Cuevillas, para que manifestara si era representante de la sucesión de Don Jorge Goico, á lo que contestó negativamente, expresando que Don Jorge Goico falleció ab-intestato, según consta en diligencias promovidas ante el mismo Tribunal para la declaratoria de herederos.—Resultando : Que la parte actora pidió la suspensión del procedimiento y así se acordó por providencia de doce de Septiembre, en la que además se dispuso que se requiriera á la sucesión de Goico para que en el término de quinto día constituyera representación legal en autos y también el Letrado Don Hilario Cuevillas para que manifestara si continuaba ostentando la representación de la sucesión de Doña Rafaela Menéndez, á lo que contestó dicho Letrado que nunca había tenido en el pleito la representación de dicha sucesión y en su virtud no podía continuar representándola, pues demandado Goico por su propio derecho y como representante de la sucesión de Doña Rafaela Menéndez, expuso que tal representación había ya terminado, y bajo esa afirmación se fijaron los hechos y consideraciones de derecho al contestar la demanda, por lo que suplicó se hubiera por contestado el requerimiento en la forma expuesta.—Resultando : Que habiendo solicitado la viuda de Goico, se entendiera prorrogado el término de cinco días que le fué concedido para personarse en autos hasta que se hiciera la declaratoria de herederos de su difunto esposo, y quedara firme el auto sobre tal

declaratoria, como la sucesión Brunet interesara, por el contrario, que habiendo ya transcurrido aquel término fuera declarada en rebeldía la sucesión de Don Jorge Goico, el Tribunal de San Juan accedió á esa última pretensión por auto de diez y ocho de Octubre, y por auto del veinte y cinco del mismo mes tuvo por parte al Letrado Don Hilario Cuevillas Hernández, en representación de esa sucesión por haber comparecido en nombre de la misma.—Resultando: Que la representación de la sucesión Brunet en escrito de ocho de Noviembre insistió en que se llevaran á cabo respecto de la sucesión de Doña Rafaela Menéndez el requerimiento y apercibimiento que ya había solicitado en escrito de siete de Agosto y por otrosí pidió, invocando en su apoyo el artículo 761 de la Ley de Enjuiciamiento Civil, se decretara la retención de bienes muebles y el embargo de los inmuebles de la sucesión de Don Jorge Goico en cantidad suficiente á cubrir la suma de quince mil pesos en que estimaba la indemnización subsidariamente reclamada á dicha sucesión, á cuyo escrito recayó auto en el propio día ocho de Noviembre, por el que se declaró no haber lugar á lo principal, porque la sucesión Menéndez no era parte en el litigio y se denegó además lo pretendido en el otrosí.— Resultando: Que de ese auto pidió reposición la sucesión de Don Francisco Brunet, alegando contra el primer extremo del mismo, que la demanda había sido dirigida contra Don Jorge Goico, por sí y como apoderado de la sucesión Menéndez; que si bien Goico al contestarla, había excepcionado no tener el carácter con que se le demandaba, esa excepción con las demás propuestas habrá de resolverse por sentencia y no por medio de una providencia; que aunque haya muerto Goico, subsisten los términos de la demanda, y la sucesión Menéndez podrá sostener la excepción propuesta y ser absuelta de la demanda, si la prueba la favorece; que la sucesión Goico no puede figurar en autos como apoderada de la sucesión Menéndez, pues el apoderamiento no se trasmite por la herencia, y si recayera sentencia condena-

toria, ésta no obligaría á la sucesión Menéndez, y la sucesión Goico no podría otorgar la escritura que en la demanda se pide otorgue Don Jorge Goico, como apoderado de la sucesión Menéndez; que el mismo Tribunal, al acordar en providencia de doce de Septiembre que fuera requerido el Letrado Cuevillas para que manifestara si continuaba ostentando la representación de la sucesión Menéndez reconoció de una manera paladina que había ostentado tal representación, y el mismo Letrado Cuevillas, en escrito de diez y ocho de Agosto afirmó haber representado á Goico por propio derecho y como representante de la sucesión Menéndez, en cuyos conceptos fué demandado; y contra el segundo extremo del mencionado auto alegó lo que estimó conducente á la defensa de su derecho.—Resultando: Que tramitado el recurso de reposición fué impugnado por la representación de la sucesión Goico, alegando que si bien la demanda se dirigió contra Don Jorge Goico por sí y como representante de la sucesión Menéndez, al contestar aquél la demanda había alegado su falta de personalidad por no ser ya tal representante de la sucesión Menéndez, por más que en esa representación hubiera celebrado con Don Abelardo de la Haba el contrato de cuyo cumplimiento se trata, en las condiciones que expuso, quedando reducido el judicial debate á determinar si Goico era ó no representante de la familia Menéndez, cuando fué demandado para el juicio, y si las condiciones del contrato fueron las establecidas por el demandante ó las fijadas por Goico, sin que en el estado actual del juicio pueda traerse al mismo á la sucesión Menéndez que no ha sido demandada, ni citada, ni emplazada personalmente y en tiempo oportuno.—Resultando: Que el Tribunal de San Juan por auto de veinte y cuatro de Noviembre declaró no haber lugar á la reposición pedida por la parte actora de la resolución del día ocho del mismo mes, sin especial condenación de costas; y contra dicho auto en cuanto deniega el requerimiento á la sucesión Menéndez para que constituya representación en el juicio ha

interpuesto la representación de la sucesión Brunet recurso de casación por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos:—Primero.    El artículo 1,218 del Código Civil, que determina la fuerza probatoria de los documentos públicos, que de tales deben calificarse las actuaciones judiciales, al tenor del número 7º del artículo 595 de la propia ley:—1º    Porque el auto recurrido establece que la demanda se dirigió contra Don Jorge Goico, por sí y como apoderado de la sucesión Menéndez, para elevar á escritura pública un contrato de arrendamiento, cuando en la demanda se dice terminantemente que Don Jorge Goico, como apoderado de aquella sucesión, deberá otorgar la escritura, y que en otro caso Don Jorge Goico, por sí, deberá indemnizar daños y perjuicios;—2º    Porque se afirma en el mismo auto que la cuestión litigiosa está reducida á las dos excepciones de falta de personalidad del demandado y falta de acción; cuando en la contestación á la demanda se dice terminantemente que se alegan falta de personalidad en el actor, falta de personalidad en el demandado y falta de acción;—3º    Porque también se afirma que la falta de acción consiste en no haberse obligado el demandado Goico por su propio derecho, cuando la contestación declara terminantemente que la falta de acción se funda en que la demanda no es congruente con lo convenido, en que el contrato ha quedado rescindido por su falta de cumplimiento, y en que la cosa que fué materia del contrato se ha hecho litigiosa;—4º    Porque igualmente se afirma que el debate queda fijado sobre el extremo de si el demandado tenía ó no la representación de la sucesión Menéndez, al presentarse la demanda, como la tenía cuando se otorgó el contrato, cuando en la demanda se proponen dos acciones alternativas, y en la contestación dos excepciones, falta de personalidad en el actor y falta de acción además de la falta de personalidad en el demandado;—5º    Porque también se afirma que la demanda no se dirigió directamente contra la sucesión Menéndez en la persona de su apoderado,

cuando en el ingreso de dicha demanda se dice que se ejercitan acciones personales contra Don Jorge Goico, como apoderado de la sucesión de Doña Rafaela Menéndez y se suplica se le dé traslado en el doble carácter con que es demandado; y—6? Porque se afirma que no se ha dado traslado directamente á la sucesión Menéndez de la demanda interpuesta, cuando en la providencia de admisión de la misma se confirió ese traslado á Don Jorge Goico en el doble carácter con que era demandado, cuando en esa misma forma fué citado y emplazado para contestar la demanda, cuando al contestarla además de falta de personalidad propia, alegó falta de personalidad en el actor y falta de acción por incongruencia entre la ejercitada y lo convenido por rescisión emanada del incumplimiento del contrato y por haberse hecho litigiosa la cosa contratada, cuyas excepciones sobre todo la última, por su naturaleza de perentoria podrá ejercitarla solamente quien fuera parte contratante ó su apoderado, y cuando en la providencia de doce de Septiembre se mandó requerir al Letrado Don Hilario Cuevillas para que manifestara si continuaba representando á la sucesión Menéndez.—Segundo: El artículo 1,709 del Código Civil, porque no se ha tenido en cuenta que al ser demandado y contestar la demanda Don Jorge Goico, como apoderado de la sucesión Menéndez, lo hacía por cuenta de ésta.—Tercero: El artículo 1,727 del mismo Código, porque debiendo el mandante cumplir todas las obligaciones del mandatario, si obró Goico dentro de los límites del mandato al establecerse la litis y contestar la demanda como apoderado de la sucesión Menéndez, obligó á ésta á continuarla.—Cuarto: El artículo 1,732 del propio Código por aplicación indebida y por defecto de aplicación porque en el juicio no está probado que el poder otorgado á Don Jorge Goico estuviera revocado, siendo ese precisamente el fundamento de una de las excepciones que hasta ahora no está más que alegada; y en cambio acabado el mandato por muerte de Goico, sólo su poderdante puede cumplir las obliga-

ciones que como apoderado contrajera.—Quinto: La regla 72 de la Orden General número 118 de la serie de mil ochocientos noventa y nueve en relación con la 62 de la misma Orden, al establecerse que si se admitiera en el juicio en el estado en que se encuentra, á la sucesión Menéndez para discutir las excepciones sobre falta de personalidad en el actor y falta de acción se resolvería de plano ó prejuzgaría por lo menos la excepción de falta de personalidad en el demandado, como si la regla 72 no estableciera que las excepciones dilatorias y perentorias se aleguen juntamente y que las dilatorias se prueben y resuelvan previamente en el juicio oral continuándose en caso de denegación la celebración.—Visto, siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que habiendo demandado la sucesión Brunet á Don Jorge Goico, por sí y como apoderado de la sucesión de Doña Rafaela Menéndez, á los fines que se expresan en la súplica de la demanda, ocurrido el fallecimiento de dicho Goico, no puede continuarse el juicio contra la sucesión de éste en el segundo de los conceptos indicados, pues por más que asuma la personalidad de su causante respecto de todos los derechos activos y pasivos trasmisibles del mismo, no sucede lo propio con la representación de la sucesión Menéndez, que es derecho intrasmisible y termina entre otras causas por la muerte del mandatario según el artículo 1,732 del Código Civil.—Considerando: Que al denegar el Tribunal sentenciador la pretensión formulada por la sucesión Brunet de que además de la sucesión de Don Jorge Goico como representante de los derechos de éste se llame también al juicio la sucesión Menéndez á defender sus derechos por haber fallecido el que fué demandado como apoderado de la misma, ha desconocido la eficacia y alcance del precepto legal anteriormente citado, cuya infracción se alega como uno de los motivos del recurso, dejando de darle la aplicación debida, pues muerto Don Jorge Goico, demandado no sólo por derecho propio sino como apoderado de la sucesión Menén-

dez, es obvio que debe venir al juicio á defender sus derechos la propia sucesión Menéndez, no perjudicándose por ello la excepción dilatoria propuesta de falta de personalidad en el demandado, la cual ha de resolverse en su oportunidad y no prematuramente en el estado actual del juicio.— Considerando: Que igualmente ha sido infringida la regla 62 de la Orden General número 118, serie de mil ochocientos noventa y nueve, que se invoca en el recurso, por cuanto la denegatoria de ser traída al juicio la sucesión de Doña Rafaela Menéndez envuelve la resolución de la excepción de falta de personalidad en el demandado Goico, como apoderado de aquella sucesión, por no ser Goico apoderado de la misma, y tal resolución sólo puede tener lugar en el tiempo y forma que marca la regla citada, ó sea al celebrarse el juicio oral, sin que pueda alegarse de contrario que continuándose el juicio en su actual estado contra la sucesión Menéndez, además de la sucesión de Don Jorge Goico, se resuelve también la expresada excepción dilatoria en el sentido de ser Goico apoderado de la sucesión Menéndez, pues la resolución que proceda en derecho sobre la expresada excepción dilatoria queda reservada para el juicio oral.— Considerando: Que procediendo el recurso de casación por los dos motivos apuntados se hace innecesario discutir los demás en que se funda el recurso, aparte de que algunos de ellos se refieren á consideraciones de derecho del auto recurrido y no á la parte dispositiva de éste y otros parten del supuesto pendiente de resolución de que Don Jorge Goico fuera apoderado de la sucesión de Doña Rafaela Menéndez.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por la sucesión de Don Francisco Brunet contra el auto de veinte y cuatro de Noviembre último, en cuanto desestima el requerimiento á la sucesión Menéndez para que constituya representación en el juicio, y en su consecuencia casamos y anulamos el mencionado auto y su concordante de ocho del mismo mes en la parte relativa al extremo indicado, sin especial

condenación de costas; y el Tribunal del Distrito de San Juan, proceda con arreglo á derecho continuando el juicio contra la sucesión de Doña Rafaela Menéndez, además de la de Don Jorge Goico, lo que con devolución de autos se comunique á dicho Tribunal á los efectos legales procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.

Publicación. Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico, á veinte de Mayo de mil novecientos uno.— Eugenio Alvarez, *Secretario sustituto.*